IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:06-CV-326-D

| | |
|---|---|
| ANNIE L. NIXON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

In this action, plaintiff Annie L. Nixon ("plaintiff") challenges the final decision of defendant Commissioner of Social Security ("Commissioner") denying her application for a period of disability and disability insurance benefits ("DIB") on the grounds that plaintiff is not disabled. The case is before the court on the parties' respective motions for judgment on the pleadings (DE #8, 11). The motions were referred to the undersigned Magistrate Judge for memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that the Commissioner's motion be allowed, plaintiff's motion be denied, and the final decision of the Commissioner be affirmed.

## I. BACKGROUND

### A. Case History

Plaintiff protectively filed an application for DIB on 12 January 2004, alleging a disability onset date of 2 February 2002[1] due to arthritis and a heart murmur. Transcript of Proceedings ("Tr.") 16, 46, 47-49, 52. The application was denied initially and again upon reconsideration, and a request

---

[1] The ALJ incorrectly states in his decision that plaintiff alleged a disability onset date of 2 June 2002. Tr. 16.

for hearing was timely filed. *Id.* 16, 35-38, 39, 41-43, 44. On 24 January 2006, a hearing was held before an Administrative Law Judge ("ALJ"). *Id.* 16, 24-27. At the hearing, plaintiff submitted a written statement amending her alleged disability onset date to 1 January 2004. *Id.* 16, 96.

In a written decision dated 29 March 2006, the ALJ found that plaintiff was not disabled and therefore was not entitled to DIB. *Id.* 16, 23. Plaintiff timely requested review by the Appeals Council and submitted one additional exhibit. *Id.* 8, 12. The Appeals Council considered the additional evidence and denied the request for review on 29 June 2006. *Id.* 5-8. At that time, the decision of the ALJ became the final decision of the Commissioner. *Id.* 5; *see* 20 C.F.R. § 404.1581. Plaintiff commenced this proceeding for judicial review on 26 April 2006, pursuant to 42 U.S.C. § 405(g).

### B. Standards for Disability

The Social Security Act ("Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). The Act goes on to describe disability more specifically in terms of impairments:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.

42 U.S.C. § 423(d)(2)(A).

2

The Act defines a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The burden of proving disability falls upon the claimant. *English v. Shalala,* 10 F.3d 1080, 1082 (4th Cir. 1993).

The disability regulations under the Act ("Regulations") provide the following five-step analysis that the ALJ must follow when determining whether a claimant is disabled:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in [20 C.F.R. § 404.1509], or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in [20 C.F.R. Part 404, subpt. P, app. 1] . . . and meets the duration requirement, we will find that you are disabled. . . .
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity ["RFC"] and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .
>
> (v) At the fifth and last step, we consider our assessment of your [RFC] and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. § 404.1520(a)(4).

The burden of proof and production rests with the claimant during the first four steps of the analysis. *Pass,* 65 F.3d at 1203. The burden shifts to the Commissioner at the fifth step to show that alternative work is available for the claimant in the national economy. *Id.*

3

In the case of multiple impairments, the Regulations require that the ALJ "consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. § 404.1523. If a medically severe combination of impairments is found, the combined impact of those impairments will be considered throughout the disability determination process. *Id.*

## C. Findings of the ALJ

Plaintiff was sixty-one years old on the alleged onset date of disability and was sixty-three years old on the date of the administrative hearing.[2] Tr. 47. Plaintiff had purported past relevant work experience as a service representative for a telephone company. *Id.* 23.

Applying the five-step analysis of 20 C.F.R. § 404.1520(a)(4), the ALJ found at step one that plaintiff had not engaged in substantial gainful activity since her alleged onset of disability. Tr. 18. At step two, the ALJ found that plaintiff had the following medically determinable impairments which were severe withing the meaning of the Regulations, 20 C.F.R. § 404.1520(c): fibromyalgia and arthritis. Tr. 19. At step three, however, the ALJ found that plaintiff's impairments did not meet or medically equal one of the listed impairments in appendix 1 to 20 C.F.R. part 404, subpart P. *Id.*

At step four, the ALJ determined that plaintiff had the RFC to perform sedentary work. *Id.* Based on this RFC, the ALJ found that plaintiff could perform her past relevant work as a service representative. *Id.* 23. The ALJ accordingly did not proceed to step five of the sequential analysis. *See* 20 C.F.R. § 404.1520(a)(4)(iv).

---

[2] The ALJ did not mention plaintiff's birth date or age in his decision.

4

Case 5:06-cv-00326-D   Document 17   Filed 07/05/07   Page 4 of 10

## II. DISCUSSION

Plaintiff contends that the ALJ's decision should be reversed on four grounds: (1) erroneous assessment of plaintiff's credibility; (2) erroneous determination of plaintiff's ability to return to her past relevant work; (3) inadequate explanation of the conclusions reached; and (4) lack of substantial evidence to support the decision. Each of these contentions is examined below following a discussion of the applicable standard of review.

### A. Standard of Review

Under 42 U.S.C. § 405(g), judicial review of the final decision of the Commissioner is limited to considering whether the Commissioner's decision is supported by substantial evidence in the record and whether the appropriate legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Unless the court finds that the Commissioner's decision is not supported by substantial evidence or that the wrong legal standard was applied, the Commissioner's decision must be upheld. *See, e.g., Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (*quoting Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla of evidence, but somewhat less than a preponderance. *Perales*, 402 U.S. at 401.

The court may not substitute its judgment for that of the Commissioner as long as the decision is supported by substantial evidence. *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). In addition, the court may not make findings of fact, revisit inconsistent evidence, or

5

make determinations of credibility. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979). A Commissioner's decision based on substantial evidence must be affirmed, even if the reviewing court would have reached a different conclusion. *Blalock*, 483 F.2d at 775.

Before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983).

### B. Assessment of Plaintiff's Credibility

Plaintiff argues that the ALJ's refusal to fully credit plaintiff's testimony regarding her pain and other alleged limitations is not supported by substantial evidence. The court disagrees.

As noted, this court is not permitted to make credibility assessments, but must determine if the ALJ's credibility assessment is supported by substantial evidence. *Craig*, 76 F.3d at 589. The ALJ's assessment involves a two-step process. First, the ALJ must determine whether plaintiff's medically documented impairments could cause plaintiff's alleged symptoms. *Id.* at 594-95. Here, the ALJ made such a finding. Tr. 21-22. Next, the ALJ must evaluate plaintiff's statements concerning those symptoms. *Craig*, 76 F.3d at 595. If the ALJ does not find plaintiff's statements to be credible, the ALJ must cite "specific reasons" for that finding that are "grounded in the evidence." *Dean v. Barnhart*, 421 F. Supp. 2d 898, 906 (D.S.C. 2006) (*quoting* Soc. Sec. R. 96-7p).

6

In his discussion of plaintiff's credibility, the ALJ here concluded that "the claimant's statements concerning the intensity, duration and limiting effects of . . . [her] symptoms are not entirely credible." Tr. 22. In reaching this conclusion, the ALJ explained at length and in detail the numerous inconsistencies he found between plaintiff's allegations and the medical evidence, *id.* 20-22, stating that "the medical records do not support that severity of limitation [alleged by plaintiff]," *id.* 20. The ALJ noted that plaintiff began seeing her primary care physician, Kelly Philpot, M.D., in March 2004 with complaints of lower back and left shoulder pain, but on a visit to her rheumatologist, Randal White, M.D., in March 2005 plaintiff had only a mildly reduced range of motion in her left shoulder, and both her left shoulder and lower back were only slightly tender. *Id.* 20, 112. Additionally, on plaintiff's most recent visit to Dr. Philpot, on 20 December 2005, plaintiff had "no complaints." *Id.* 20, 206.

The ALJ also pointed out that plaintiff reported to Dr. Philpot that she takes care of her sister, who has lupus, *id.* 21, 132; that plaintiff does not need assistance to ambulate, *id.* 21, 200; and that none of plaintiff's physicians had recommended surgery for her arthritis, *id.* 21, 112. The ALJ also noted, among other things, plaintiff's ability to work eight hours a day for two days a week as a bank teller, *id.* 22; her lack of use of prescription anti-inflamatories and pain medication, *id.*; and Dr. White's unwillingness to authorize a handicapped placard for plaintiff, *id.* 21, 112.

Plaintiff argues that the ALJ failed to discuss her daily activities and the amounts of medication she takes for pain. However, as noted, the ALJ did discuss both of these issues, comparing them to the objective medical evidence in the record. *See id.* 20-22.

Because the ALJ cited specific reasons for his credibility determination adequately based on facts in the record, his determination is supported by substantial evidence. Plaintiff's challenge to the ALJ's credibility determination should accordingly be denied.

C.  **Determination of Plaintiff's Ability to Return to Past Relevant Work**

Plaintiff next contends that the ALJ erred in finding that she has the RFC to perform the physical requirements of her past relevant work as a service representative. Again, the court disagrees with plaintiff.

The ALJ found that plaintiff had the RFC to perform sedentary work, and that plaintiff's job of service representative, as plaintiff actually performed it, was sedentary work. Sedentary work involves, among other things, lifting more than ten pounds and only occasional standing or walking. *See* 20 C.F.R. § 404.1567(a). The full definition is as follows:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

*Id.* In her disability report (Form SSA-3368), dated 22 October 2005, plaintiff described her job as a service representative as requiring her to sit for seven and one-half hours in an eight hour workday and not requiring her to frequently lift anything over ten pounds. Tr. 23, 54. This fits within the description of sedentary work.

Plaintiff contends that the ALJ failed to consider her pain limitations in making the determination that plaintiff is capable of sedentary work and thus of returning to her past relevant work. However, as previously noted, the ALJ extensively evaluated plaintiff's claims regarding her pain and found them not to be fully credible. *Id.* 22. Accordingly, the ALJ's determination

8

regarding plaintiff's RFC and her ability to return to her past relevant work is supported by substantial evidence. The court should therefore deny the portion of plaintiff's motion seeking relief from this determination.

## D. Adequacy of the ALJ's Explanation of His Decision

Plaintiff also argues that the ALJ does not explain his decision sufficiently to permit meaningful review of it by this court. *See DeLoatche*, 715 F.2d at 150. As the foregoing discussion should make clear, this contention is without merit. The ALJ's decision adequately reviews the probative evidence, sets out the pertinent findings, and explains the basis for them.

In her argument, plaintiff notes specific documents or treatment notes which the ALJ failed to mention in his decision. However, the ALJ is not required to comment on each and every piece of information included in the record. *E.g., Dyer v. Barnhart,* 395 F.3d 1206, 1211 (11th Cir. 2005); *Anderson v. Bowen,* 868 F.2d 921, 924 (7th Cir. 1989). The portion of plaintiff's motion challenging this aspect of the ALJ's decision should accordingly be denied.

## E. Sufficiency of Evidence in Support of the ALJ's Decision

Finally, plaintiff makes the blanket contention that the ALJ's decision is not supported by substantial evidence. Plaintiff bases this contention on her previous argument regarding the ALJ's assessment of her credibility. The court has already addressed this issue and finds plaintiff's argument to be without merit. As noted, the ALJ's determination regarding plaintiff's credibility is supported by substantial evidence. The court finds that the ALJ's decision is otherwise supported by substantial evidence and applied the proper legal standards. This final challenge by plaintiff to the ALJ's decision should therefore also be denied.

## III. CONCLUSION

For the foregoing reasons, it is RECOMMENDED that the Commissioner's motion for judgment on the pleadings be ALLOWED, plaintiff's motion for judgment on the pleadings be DENIED, and the final decision of the Commissioner be AFFIRMED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have ten business days to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

This, the 5th day of July, 2007.

James E. Gates
United States Magistrate Judge