IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:06-CV-326-D

| | |
|---|---|
| ANNIE L. NIXON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

Annie L. Nixon ("claimant" or "plaintiff") appeals the final decision by the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits. Magistrate Judge Gates issued a Memorandum and Recommendation ("M&R") recommending that plaintiff's motion for judgment on the pleadings be denied, the Commissioner's motion for judgment on the pleadings be granted, and the final decision of the Commissioner be affirmed. Plaintiff objected to the M&R, and the Commissioner responded. As explained below, the court overrules plaintiff's objections to the M&R, adopts the M&R, and affirms the final decision of the Commissioner.

I.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C.A. § 636(b)(1)). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quotation omitted).

The court has reviewed the record, the briefs, the M&R, the objections, and the response. As for those portions of the M&R to which plaintiff does not object, the court is satisfied that there is no clear error on the face of the record. Thus, the court adopts those portions of the M&R. As for the objections, the court reviews them de novo.

In conducting its review of the objections to the M&R, the court applies the same legal standard that Judge Gates discussed in the M&R. See M&R 5-6. Specifically, the court "must uphold the factual findings of the [administrative law judge] if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Craig, 76 F.3d at 589. In this context, "disability" requires both an "inability to engage in any substantial gainful activity" and "a physical or mental impairment, which provides reason for the inability." Barnhart v. Walton, 535 U.S. 212, 217 (2002) (internal quotations omitted).

II.

On January 24, 2006, an administrative law judge ("ALJ") held a hearing regarding plaintiff's application for benefits. The ALJ uses a five-step process in evaluating disability claims. See 20 C.F.R. § 404.1520. Essentially, this process requires the ALJ to consider whether a claimant (1) is engaged in substantial gainful employment; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) possesses the residual functional

2

capacity ("RFC") to return to her past relevant work; and (5) if not, whether she can perform other work in light of her age, education, work experience, and RFC. See id.; M&R 3. The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See, e.g., Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity at any time relevant to the ALJ's decision. R. at 18. Next, the ALJ found that plaintiff had the severe impairments of fibromyalgia and arthritis. Id. at 19. The ALJ classified plaintiff's depression and hypertension as non-severe impairments. Id. At step three, the ALJ found that plaintiff did not have an impairment that met or medically equaled the criteria of a listed impairment. Id. At step four, the ALJ found that plaintiff retained the RFC to perform sedentary work, including her past work as a service representative for a telephone company. Id. at 19-23. Accordingly, the ALJ concluded that plaintiff was not disabled. Id. at 23.

On June 29, 2006, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. See id. at 5-8. Plaintiff filed this action, and the parties filed cross motions for judgment on the pleadings.

III.

Plaintiff objects to the M&R's finding that substantial evidence supports the ALJ's determinations regarding plaintiff's impairments and RFC. Plaintiff essentially argues that the ALJ failed to evaluate the entire record, ignored evidence concerning the severity of plaintiff's impairments, and selectively cited evidence supporting his conclusion.

Plaintiff initially contends that the ALJ at step two disregarded evidence of plaintiff's depression. Objs. to M&R 2-3. Plaintiff notes that a counselor diagnosed her with major depressive

3

Case 5:06-cv-00326-D   Document 23   Filed 08/17/07   Page 3 of 6

disorder and measured her global adaptive functioning level at 40-45. Obj. to M&R 2; R. at 220. Plaintiff also relies on the counselor's checklist responses that she has "severe" mental health problems related to a recent loss and illness and "moderate" problems related to her primary support group, her work or educational setting, and in accessing social support. Obj. to M&R 2; R. at 220.

Contrary to plaintiff's assertion, the ALJ did not disregard the counselor's diagnosis in the ALJ's discussion of plaintiff's depression claim. Rather, the ALJ contrasted the counselor's diagnosis with other evidence in the record, including medical reports that indicated that plaintiff's symptoms of depression were intermittent. See R. at 19. The ALJ also observed that the counselor had seen plaintiff on only two occasions without any formal objective testing. Id. The ALJ, therefore, appropriately considered the length and extent of the treatment relationship in determining how much weight to give the counselor's opinions. See, e.g., 20 C.F.R. § 404.1527(d)(2). Although the ALJ did not make written findings as to the counselor's checklist responses, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision . . . ." Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005); Burch v. Apfel, 9 Fed. Appx. 255, 258-60 (4th Cir. May 29, 2001) (per curiam) (unpublished).

In discussing plaintiff's depression, the ALJ concluded that plaintiff had not established that she had "limited her usual activities during the period in question because of depressive symptomology." R. at 19. This finding reflects the proper focus at step two on the impact an impairment has on a claimant's ability to work, not just a claimant's diagnosis. See 20 C.F.R. §§ 404.1521(a) & 416.921(a). In sum, the ALJ appropriately considered the relevant evidence, sufficiently explained his findings, and made a determination supported by substantial evidence that plaintiff's depression was not a severe impairment at step two of the five-step process.

Plaintiff next argues that the ALJ's decision and the M&R involve "the tacit approval of form over substance." Obj. to M&R 3. Plaintiff objects that the M&R accepts the ALJ's determination

4

that plaintiff's statements concerning the limiting effects of her impairments were "not entirely credible" without crediting certain evidence of plaintiff's physical impairments. Id. at 3-5.

Like the M&R, the court finds that the ALJ sufficiently evaluated the effect of plaintiff's symptoms on her functional ability, made express credibility findings, and stated his justification for those findings. See M&R 6-8; R. at 19-22. The court will not reweigh the evidence or substitute its judgment for that of the ALJ. See Craig, 76 F.3d at 589. Instead, the court finds substantial evidence for the ALJ's findings as to plaintiff's impairments and RFC. See id. In light of the M&R's discussion (which the court adopts) of the ALJ's thorough credibility assessment, the court will not restate all of the medical evidence relied on by the ALJ. Rather, the court will discuss the evidence cited by plaintiff (and allegedly ignored by the ALJ) in plaintiff's objections to the M&R.

At the hearing, plaintiff's sister and roommate, Ms. Butler, testified as to plaintiff's impairments. R. at 257-63. The ALJ cited Ms. Butler's testimony that plaintiff occasionally falls when her legs "give way," is depressed, attends church, and cooks. Id. at 20, 257-63. Plaintiff complains that "[t]hese are not sufficient daily activities to reject [plaintiff's] credibility." Objs. to M&R 4. However, the ALJ did not predicate his credibility determination on Ms. Butler's testimony. See R. at 19-22. Rather, the ALJ cited Ms. Butler's testimony in the context of his discussion of the medical records and plaintiff's testimony. See id. at 20.

Plaintiff additionally argues that the ALJ ignored testimony by Ms. Butler that corroborates plaintiff's claims of impairment in daily activities. Objs. to M&R 3-5. Specifically, plaintiff highlights Ms. Butler's testimony that the sisters require a housemaid to clean their house; that Ms. Butler, who suffers from lupus, often must clean up after plaintiff; that plaintiff used to be very active; and that Ms. Butler did most of the cooking. Id. at 3-4; R. at 257-63. Ms. Butler's testimony, to the extent it is inconsistent with the medical evidence, provides no reason to reverse the ALJ's credibility determination. See Craig, 76 F.3d at 589. Moreover, the ALJ, having discounted

5

plaintiff's testimony as to her limitations based on the medical evidence, was "equally empowered to reject the cumulative testimony" of her sister. Black v. Apfel, 143 F.3d 383, 387 (8th Cir. 1998).

Finally, plaintiff objects that the M&R improperly excerpts a statement by plaintiff's primary care physician that she "does not need assistance to ambulate." Obj. to M&R 4; M&R 7; see R. at 200. Plaintiff asserts that the full record from the physician shows that plaintiff suffered shoulder and hip pain, had poor range of motion, and walks stiffly. Obj. to M&R 4; see R. at 200. The ALJ discussed the medical evidence, including the records from plaintiff's primary care physician, and made a determination supported by substantial evidence. This court will not reweigh the evidence. See Craig, 76 F.3d at 589. Accordingly, the objection is overruled.

IV.

For the reasons stated above, plaintiff's objections to the M&R are OVERRULED, and the court ADOPTS the M&R. Accordingly, plaintiff's motion for judgment on the pleadings is DENIED, the Commissioner's motion for judgment on the pleadings is GRANTED, and the final decision of the Commissioner is AFFIRMED.

SO ORDERED. This the 17 day of August 2007.

JAMES C. DEVER III
United States District Judge